***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

NO. SCWC-29934

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

KEVIN HIROYUKI AKITAKE, Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. 29934; CASE NO. 1DTA-08-09688)

SUMMARY DISPOSITION ORDER
(By:  Acoba and McKenna, JJ., and Circuit Judge Del Rosario,
in place of Duffy, J., recused;
with Recktenwald, C.J., dissenting, with whom Nakayama, J., joins)

Petitioner/Defendant-Appellant Kevin Hiroyuki Akitake

("Akitake") seeks review of the Intermediate Court of Appeals'

November 9, 2011 Judgment on Appeal, entered pursuant to its

October 17, 2011 Summary Disposition Order, which affirmed the

District Court of the First Circuit's ("district court") June 15,

2009 Notice of Entry of Judgment and/or Order and Plea/Judgment.

The district court had adjudged Akitake guilty of Operating a

Vehicle Under the Influence of an Intoxicant ("OVUII") in

**\*\*\*NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER\*\*\***

violation of Hawaiʻi Revised Statutes ("HRS") §§ 291E-61(a)(1), (a)(3), (b)(1), and (b)(2) (Supp. 2008).[1]

---

[1] At the time of the alleged offense, HRS § 291E-61(a)(1), (a)(3), (b)(1), and (b)(2) provided the following:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
> (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;
> . . . .
> (3) With .08 or more grams of alcohol per two hundred ten liters of breath[.]
> . . . .
> (b) A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence:
> (1) Except as provided in (2), for the first offense, or any offense not preceded within a five-year period by a conviction for an offense under this section or section 291E-4(a):
> (A) A fourteen-hour minimum substance abuse rehabilitation program, including education and counseling, or other comparable program deemed appropriate by the court;
> (B) Ninety-day prompt suspension of license and privilege to operate a vehicle during the suspension period, or the court may impose, in lieu of the ninety-day prompt suspension of license, a minimum thirty-day prompt suspension of license with absolute prohibition from operating a vehicle and, for the remainder of the ninety-day period, a restriction on the license that allows the person to drive for limited work-related purposes and to participate in substance abuse programs;
> (C) Any one or more of the following:
> (i) Seventy-two hours of community service work;
> (ii) Not less than forty-eight hours and not more than five days of imprisonment; or
> (iii) A fine of not less than $150 but not more than $1,000;
> (D) A surcharge of $25 to be deposited into the neurotrauma special fund; and
> (E) May be charged a surcharge of up to $25 to be deposited into the trauma system special fund if the court so orders;
> (2) For a first offense committed by a highly intoxicated driver, or for any offense committed by a highly intoxicated drive not preceded within a five-year period by a conviction for an offense under this section or section 291E-4(a):
> (A) A fourteen-hour minimum substance abuse rehabilitation program, including education and counseling, or other comparable program deemed appropriate by the court;
> (B) Prompt suspension of a license and privilege to operate a vehicle for a period of six months with an absolute prohibition from operating a vehicle during the suspension

On certiorari, Akitake presents the following questions:

> A. Whether the ICA gravely erred in holding that the district court did not err as a matter of law in ruling that it had jurisdiction notwithstanding that State v. Wheeler held that the district court had no jurisdiction as to a charge that failed to allege "the pu[b]lic road" element[.]
> B. Whether the ICA gravely erred in holding that the district court did not abuse its discretion in continuing Akitake's trial to a fourth trial day?

As to Akitake's second question presented, we find no error in the ICA's conclusion that the district court did not abuse its discretion in granting the State's motion to continue the trial for a fourth day because it had already determined that trial would not be completed on the third day.

As to Akitake's first question presented, however, we conclude that the charge failed to allege the attendant circumstance that the defendant operated his vehicle on a public roadway.  See State v. Wheeler, 121 Hawaiʻi 383, 392, 219 P.3d 1170, 1179 (2009).  As the charge lacked an allegation of an attendant circumstance, which is an element of the offense of OVUII, it failed to state the offense of OVUII.  Cf. State v.

---

period;
(C) Any one or more of the following:
(i) Seventy-two hours of community service work;
(ii) Not less than forty-eight hours and not more than five days of imprisonment; or
(iii) A fine of not less than $150 but not more than $1,000;
(D) A surcharge of $25 to be deposited into the neurotrauma special fund; and
(E) May be charged a surcharge of up to $50 to be deposited into the trauma system special fund if the court so orders[.]

3

<u>Apollonio</u>, 130 Hawaiʻi 353, 358, 311 P.3d 676, 681 (2013) (dismissing without prejudice excessive speeding complaint, the deficiency of which was raised for the first time on appeal, because complaint failed to allege mens rea, and could therefore not be construed to state the offense of excessive speeding).

Akitake's OVUII charge was deficient.  Consequently, we vacate the ICA's Judgment on Appeal and remand this case to the district court with instructions to dismiss Akitake's Complaint without prejudice.

DATED: Honolulu, Hawaiʻi, January 10, 2014.

R. Patrick McPherson
for petitioner

James M. Anderson
for respondent

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Dexter D. Del Rosario

